## FROST *vs.* FROST.

Where a sum of money had been paid as part consideration for the conveyance of land upon certain conditions subsequently to be performed by the grantee, but which had not been performed, and the grantor had reclaimed the land for condition broken, it was *held*, that the grantee could not recover back the amount thus paid.

Nor could the grantor after availing himself of the forfeiture and reclaiming the land, recover that part of the consideration which remained unpaid.

THIS was an action of *assumpsit*, in which the plaintiff sought to charge the defendant for certain sums of money paid, laid out and expended by him, at the request, and for the benefit of the defendant.

It appeared in evidence, that on the 19th of *December*, 1827, the defendant being the owner of a farm, conveyed it to the plaintiff upon certain conditions named in the deed. [See *Frost v. Butler*, 7 *Greenl.* 225.] The plaintiff at the same time giving to the defendant his promissory note of hand for $250, payable on demand — another for $100 payable in one year — and a third for $100 payable in two years. At the time of the delivery of the deed and notes, the plaintiff stated to the defendant that he had not the money to pay the $250 note, and asked him if he might not pay to the persons to whom the defendant was indebted, and take up his debts in payment of the $250 note, to which the defendant agreed. And the plaintiff accordingly paid and took up demands against the defendant to the amount of said note.

Afterwards, the conditions upon which the conveyance was made to the plaintiff not having been performed, the defendant brought his action against the plaintiff's assignee to recover the land and succeeded. Prior to which however, the defendant called upon the plaintiff for payment of the note for $250, when the plaintiff produced the notes, receipts and evidences of payment of the defendant's debts, to the amount of his note, and tendered them in payment. But the defendant refused to take them, and insisted upon having the money, inasmuch as the plaintiff had not fulfilled the condition in the deed. It also appeared that at a subsequent time, when one of the other notes became

due, the plaintiff and his agent again tendered the notes, receipts and other evidences of payment of the defendant's debts, in payment of the $250 note, but the defendant refused to receive them in payment. And for these payments for the benefit of the defendant, the plaintiff brought this action — and the defendant filed in set-off the three notes aforesaid.

Upon these facts, the counsel for the plaintiff contended, that he was entitled to recover for the sums thus paid for the defendant, and that the latter was not entitled to recover on the notes filed in offset. And the counsel for the defendant contended, that he was entitled to recover for the notes filed, and that the plaintiff was not entitled to recover for the debts so paid by him. But *Parris J.* who presided at the trial, instructed the jury, that neither the plaintiff nor defendant were entitled to recover any thing against the other, for these notes, or debts paid. And the jury found accordingly, returning their verdict for the plaintiff for a small sum, another payment made by the plaintiff for the defendant, which was undisputed. The verdict was to be set aside, or confirmed, as the opinion of the whole Court should be upon the ruling of the presiding Judge.

*J. Shepley,* for the defendant, argued that, this being a cash note, the conversation between the parties at the time, as to the mode of paying it, could not in any way affect the note, or defeat an action on it. *Dow* v. *Tuttle,* 4 *Mass.* 414; *Rose* v. *Learned,* 14 *Mass.* 154; *Hunt* v. *Adams,* 7 *Mass.* 518; *Trustees, &c.* v. *Stetson,* 5 *Pick.* 506; *Frost* v. *Everett,* 5 *Cowen,* 497; *Spring* v. *Lovett,* 11 *Pick.* 417.

In *Rowe* v. *Smith,* 16 *Mass.* 30, the Court permitted *Rowe,* the maker of a note, to recover back a payment that he had made towards it, *Smith* not having indorsed it, and taking judgment for the whole amount of the note. Upon the same principle, the plaintiff is entitled to recover back the sums he has paid for the defendant, and which he refused to allow to go in payment of the note.

When the defendant refused, as he had the legal power to do, to fulfil the agreement on his part, then the plaintiff's right of action attached, for the sums he had paid for him. *Whipple* v. *Dow et ux.* 2 *Mass.* 415; *Goodrich* v. *Lafflin & al.,* 1 *Pick.* 57; *Hill* v. *Green,* 4 *Mass.* 114.

Frost *v.* Frost.

*Goodenow* and *Appleton*, for the defendant, cited *Westbrook* v. *North*, 2 *Greenl*. 179; *Howard* v. *Witham*, 2 *Greenl*. 390; *Lloyd* v. *Jewell*, 1 *Greenl*. 355; *Fonbl. Eq.* 1, 373; *Saco Manufacturing Co.* v. *Whitney*, 7 *Greenl*. 260.

WESTON J. delivered the opinion of the Court.

If the money, sought to be recovered in this action, was paid by the plaintiff, on account of a note held by the defendant against him, in part consideration for the farm conveyed to the plaintiff, before it was reclaimed by the defendant for condition broken, the action cannot be maintained. The breach of the condition was the act of the plaintiff, and he cannot thereby lay a foundation to recover back the money, he had formerly paid. The cases of *Rounds* v. *Baxter*, 4 *Greenl*. 454, and of *Morton* v. *Chandler*, 6 *Greenl*. 142, and such as are there cited, are authorities to this point. The note given to the defendant, was a cash note, payable on demand. It was on its face absolute, without any condition whatever.

A number of cases have been cited by the plaintiff, to show that the note could not be affected by any conditions proved by parol, or by any collateral parol agreement. The authority of these cases is not intended to be controverted. Payment is provable by parol; and it may be made either to the payee of a note, or to any other person he may appoint to receive it. When paid, according to appointment, it is thereby discharged. Before payment, such appointment is revocable; and cannot be insisted on, as modifying or varying the obligation to pay, according to the terms. The evidence in substance is, that at the time the note was given, the plaintiff told the defendant he might pay the amount to certain of his creditors, and take up their demands. This appears to have been intended as an agreement binding upon the plaintiff, and not subject to his control. It is not as an agreement, varying the terms of the note, that it can be enforced. But as an order or direction, having reference to payment, which is an after transaction, it becomes valid and operative, when payment is made accordingly.

When payment was once made, in pursuance of the direction of the defendant, that direction was no longer subject to be coun-

termanded. His creditors, to whom it was paid by his appointment, had a right to retain it ; and the plaintiff, having thus paid the note, was not liable to pay it again. If by mutual consent, or by the act of both parties, the application of these payments to the note had been waived, and the plaintiff had otherwise paid it, he would have been entitled to recover of the defendant what he had paid to his creditors, as so much money paid for his use and benefit. But although the defendant, at two several times, insisted that what was paid for him should not be applied to the note, the plaintiff at the same times contended that it should. If each party now finds it for his interest to take an opposite ground, there is the same reason for holding the plaintiff, as the defendant, to what he then claimed. If what each set up as a claim, is proved as an admission, they neutralize each other, and leave the parties precisely as they were before. The plaintiff paid money to the defendant's creditors by his direction ; but as the payment was made to extinguish the note held against him by the defendant, he did not thereby become the defendant's creditor.

Whatever was paid before the land was reclaimed for condition broken, the defendant may retain ; but he cannot demand further payments, after taking the land. In the opinion of the Court, the jury were properly instructed by the Judge, who presided at the trial.

*Judgment on the verdict.*