ANDERSON v. HASKELL ET AL.

1. **Contract**: RESCISSION. An executory contract may be rescinded. upon a failure by the obligor to perform the conditions thereof, and a restoration of him, or an offer to restore him, to the position he occupied when the contract was entered into.

2. ——: ——: TITLE BOND. A party is not bound to accept money in payment for land and surrender a bond therefor, if payment is offered before the time fixed in the contract, nor will such offer prevent him from rescinding the contract if payment is not made according to its terms.

*Appeal from Cass District Court.*

· FRIDAY, DECEMBER 8.

· ACTION in chancery to enforce the specific performance of a contract to convey lands. Upon a hearing on the merits there

was a decree for plaintiff. Defendant Haskell alone appeals. The facts of the case appear in the opinion.

*A. S. Churchill*, for appellant.

*Temple & Phelps*, for appellee

BECK, J. — The facts of the case, so far as it is necessary to state them, as they appear from the pleadings and evidence, are as follows: The defendants, Lydia, Caroline J., John W., and Alice L. Graham, on the 22d day of September, 1874, executed a bond obligating themselves to convey to plaintiff a certain tract of land in Cass county upon the payment of the purchase money according to the terms and conditions stipulated. The plaintiff alleges that he has made the payment provided for in the bond, and prays in his petition that the defendants named may be required to execute to him a deed for the land. Haskell is made a defendant to the action as one claiming some interest in the property. The Grahams do not contest plaintiff's right to the relief asked. Haskell alleges that one under whom he claims as assignee purchased the land of the Grahams, June 12th, 1873, by a contract with the agent of the owners, whereby he agreed to pay different installments of the purchase money at specified dates, and did pay fifty dollars at the time of the making of the contract, for which a receipt was given him expressing the terms of the agreement. This receipt stipulates that a bond for a deed is to be executed to him as soon as $200 of the purchase money is paid. He alleges that he went into possession of the land and that plaintiff Anderson had full notice of his rights and equities under the contract of purchase, which he prays, in a cross-bill, may be enforced.

It will be observed that the contest in the case is exclusively between plaintiff and Haskell, and it is conceded if the latter has no right to the land plaintiff is entitled to a decree.

It is not disputed that a contract of the character alleged by Haskell was made by the Grahams, through their agent, for the sale of the land to one Noble, who assigned it to Haskell. The point which we are to determine involves the exist-

ence of that contract as a binding obligation; the conclusion we shall reach will settle the rights of the parties to the land.

Haskell as well as Noble failing to pay the money at the time stipulated in the contract, the Grahams treated it as rescinded and sold the land to plaintiff. In our opinion, the failure of Haskell to pay the first installment of the purchase money according to the terms of the contract, after more than one demand by the agent of the Grahams for its payment, and notice that in case of default for a period named the contract would be canceled, facts which are shown by the evidence, authorized the rescission of the contract. The rescission, of course, could only have been effected by putting Haskell in the same position he occupied before the contract was executed, that is, by repaying the fifty dollars advanced upon the execution of the contract. This the Grahams, through their agent, more than once offered to do. Besides this, Haskell was in possession of a part of the land, and the evidence authorizes us to conclude that the profits realized by him therefrom exceeded the sum he had paid, fifty dollars. In that case the Grahams were not required to pay or offer to pay the money Haskell had advanced. *Higbee v. Whittaker et al.*, 8 Ohio, 198.

*1. CONTRACT: rescission.*

II. Haskell insists that he offered to make the first payment, but did not do so because the agent had not received from the Grahams, who are non-residents, the bond to be delivered to the purchaser upon payment of the first installment of the purchase money. This offer, however, was before the day fixed in the contract, and cannot be considered an offer under the terms of that contract. There was no obligation upon the Grahams to have the bond ready for delivery at the time, and they cannot be regarded as in default because it was not ready.

*2. ——: ——: title bond.*

III. Haskell arranged with one Dudley to pay the purchase price of the land and take the deed in his own name. Dudley offered to pay the agent of the Grahams and take the deed. This was after the rescission of the contract, and the offer was refused on that ground. It cannot be regarded as an attempt to perform the contract.

IV. The evidence, in our opinion, presents the case of the purchaser, Haskell, refusing without cause to perform the terms of the contract, and finally claiming to enforce it when, on account of the increase in the value of the lands, or for other reasons, he finds its performance will be to his own interest. Equity will afford him no relief.

AFFIRMED.