Isaac A. Downey v. W. H. Riggs, Appellant.

**Forfeiture: LAND SALE.** A purchaser of land, who has paid part of the price, and fails to carry out his contract, through no fault of the seller, cannot recover the money paid, though the contract does not provide for a forfeiture.

*Appeal from Jefferson District Court.*—Hon. T. M. Fee, Judge.

Tuesday, May 11, 1897.

ACTION at law to recover back money paid on a contract for the purchase of real estate. The trial court sustained a demurrer to defendant's answer, and a motion to strike his amended answer from the files. Defendant appeals.—*Reversed.*

*Leggett & McKemey* for appellant.

*Wilson & Hinkle* for appellee.

DEEMER, J.—According to the allegations of the petition, defendant on the fourteenth day of November, 1891, sold to the plaintiff certain real estate for the agreed price of three thousand dollars, and on the same day executed a bond to convey, which recited that plaintiff had paid one hundred dollars down, and had executed his promissory note for the sum of two thousand nine hundred dollars, payable on the third day of January, 1892. This bond

contains this concluding sentence: "Now, if the said Isaac Downey shall well and truly pay the full amount of said note, without any interest, then the said W. H. Riggs agrees to convey unto the said Isaac Downey, his heirs or assigns, by a good and sufficient deed, the above described premises; but, should said note not be paid by the time it becomes due and payable, then this obligation is to be null and void; otherwise in full force and virtue in law." At the time the note matured, plaintiff was sick and unable to pay the note; and defendant agreed to extend the time of the payment of the note until such reasonable time as plaintiff could go to Fairfield, make out the papers, and pay the money. On the ——— day of February, 1892, plaintiff notified defendant that he was ready to pay said note and receive his deed. Defendant at that time refused to stand by the contract and complete the sale, and informed plaintiff that he would not let him have the land; that he could have his note, but not the money,—and has ever since refused to receive his money and deliver the deed. Afterwards defendant, without any request from plaintiff, returned his note, through the mail, but refused, and still refuses, to return the one hundred dollars. Defendant answered, admitting the execution of the bond, the payment of the one hundred dollars, and the delivery of the note; that plaintiff was sick at the time the note matured, and that he agreed to give him further time, but avers that this extension was only until a particular Saturday, and that plaintiff failed to make the payment on this particular day, or at any other since that time; that on the twenty-fifth day of January, 1892, plaintiff informed the defendant that he was unable to carry out his contract, and asked defendant to give him back his note and repay the one hundred dollars; that soon thereafter he

returned the note, through the mail, but that he refused to return the money, for the reason that he believes plaintiff has abandoned his contract. He further averred that plaintiff has never tendered the balance of the purchase price, and says that plaintiff has at no time been ready or able to pay the same. All other allegations of the petition are denied. The demurrer was to this answer, and the principal ground of it was, that the answer showed on its face, that defendant had no right to retain the one hundred dollars, for the reason that there was no provision in the contract for a forfeiture of the money paid, in the event either party failed to comply therewith. After the ruling on the demurrer, defendant amended his answer, denying that there was any agreement for rescission, and further pleading that when plaintiff informed the defendant that he was unable to carry out the contract, and asked of the defendant the return of the note and of the money paid, he (defendant) refused to rescind on the terms proposed; that defendant then proposed a rescission of the contract and a return of the note, upon condition that he (defendant) retain the money paid; that plaintiff at that time declined to accept the proposition, and no agreement was reached, but that afterwards, believing that plaintiff would accept the proposition, he (defendant) returned the note by mail, and kept the money; and that plaintiff accepted, and still retains the note. Defendant therefore says that plaintiff is estopped from denying that he accepted the proposition, and is barred of his claim to the money. The motion was to strike this amendment for the reason that it presented no new issue.

The question raised by this appeal is whether a purchaser who has paid a part of the purchase price, and fails or refuses to carry out his contract, can recover what he has paid, when the contract itself

does not provide for a forfeiture. It will be noticed that the answer denies the statement in the petition that defendant refused to carry out his contract, and specifically denies that defendant rescinded the contract. It states, in express terms, that defendant at no time consented to a rescission, except upon condition that he should retain the one hundred dollars. We have no occasion, therefore, to determine what the rights of the parties would be, had there been a rescission by the defendant because of plaintiff's failure to perform. On what theory is plaintiff entitled to recover? Where is the promise, either express or implied, to return the money paid? Plaintiff is at fault in not performing his contract. Can he, by taking advantage of his own wrong, recover back the payment he has made? These questions have been fully answered by the authorities. Mr. Sutherland, in his work on Damages (volume 2, section 585), says: "If a vendee who has partly performed makes default, in consequence of which the sale fails of consummation, he is seldom entitled to relief or compensation for his part performance. He cannot recover a deposit, or the money paid. If the vendor has in his hands a sum paid him on the contract of purchase largely in excess of the damages sustained by him in consequence of the loss of the bargain, he may retain it, because while the contract subsists the party in default cannot recover it or any equivalent of it in damages, the vendor not being in default." Prof. Keener, in his learned treatise on Quasi Contracts, at page 23, says: "Either party being at liberty to perform the contract, and it not being the policy of the statute to discourage the performance of such contracts, it is generally held that there can be no recovery against a defendant not in default, for benefits received. Thus, it is held that money paid in performance in whole or in part of an oral contract

for the purchase of land, cannot be recovered if the vendor is willing to convey the property on the performance of the conditions by the plaintiff." This statement is made in connection with the subject of the statute of frauds, but the principle is none the less applicable to the case at bar. 2 Warvelle, Vend., p. 949, section 8, has this as a statement of the law: "Usually the law will not permit a party to maintain an action on his own breach of his own contract; and where a vendee, who has paid money upon a contract of purchase, refuses to proceed, he cannot, save under very exceptional circumstances, sustain an action to recover back the amount of the payments so made." These statements from the text writers are fully sustained by the authorities. See *Ketchum v. Evertson*, 13 Johns. 359; *Havens v. Patterson*, 43 N. Y. 218; *Page v. McDonnell*, 55 N. Y. 299; *Lawrence v. Miller*, 86 N. Y. 131; *McManus v. Blackmarr* (Minn.) 50 N. W. Rep. 230; *Davis v. Hall*, 52 Md. 673; *Green v. Green*, 9 Cow. 46; *Roach v. Waid*, 2 T. B. Mon. 142; *Frost v. Frost*, 11 Me. 235. In the case of *Nason v. Woodward*, 16 Iowa, 216, we approved an instruction to the effect that if there was an entire rescission of a contract between vendor and vendee by mutual assent, and no further agreement or understanding, the vendor would be liable for failure to return payments made, but that if the only agreement or understanding was that the vendor should surrender the notes given him by the vendee, and the vendee was to give up his bond for a conveyance, the law would, on this state of facts, impose no obligation to return to the vendee what he had previously paid. We may well assume, without deciding, that if the contract between these parties had been rescinded by mutual assent, or if the defendant had rescinded because of the failure of the plaintiff to perform, plaintiff might recover. See 2 Sutherland, Dam., p. 232; *Burge v. Railroad Co.*, 32 Iowa, 105;

*Anderson v. Haskell,* 45 Iowa, 45. But the defendant in his amended answer specially denied that the contract was rescinded, and pleaded facts which, if proven, would justify a jury in finding that plaintiff had agreed that defendant should retain the money paid, or that he was estopped from denying that such an agreement had been made. The instances in which a vendee who is in default may recover payments made have thus been stated by Welles, J., in *Battle v. Bank,* 5 Barb. 414: "The cases in which a vendee is allowed to recover back money paid on a contract for the purchase of real estate, where the contract has been rescinded, are: *First,* where the rescission is voluntary, and by the mutual assent of both parties, and without default or wrong of either; *second,* where the vendor is incapable or unwilling to perform the contract on his part; or, *third,* where the vendor has been guilty of fraud in making the contract. In either of these cases it would be against equity and conscience for the vendor to retain the money, and the law implies a promise on his part to refund it. But in a case where the vendor has in all respects performed his part, and the rescission is entirely in consequence of the unexcused default of the vendee in making further payment, to allow him to recover back the money paid would, in my opinion, be little short of offering a bounty for the violation of contracts." Again, McAllister, J., in the case of *Baston v. Clifford,* 68 Ill. 67, speaking for the court, said: "The cases wherein the vendee may maintain an action to recover back money paid by him under a contract for the purchase of real estate, where the contract has been rescinded, are: *First,* where the rescission is voluntary, and with mutual consent of the parties, and without default of either side; *second,* where the vendor cannot or will not perform the contract on his part; *third,* where the vendor has been

guilty of fraud in making the contract; *fourth,* where, by the terms of the contract, it is left in the purchasers' power to rescind it by any act on his part, and he does it; *fifth,* where neither party is ready to complete the contract at the stipulated time, but each is in default." The answer filed in this case, with its amendment, negatives any state of facts which would give plaintiff the right to recover under any of these rules, and the court was in error in sustaining the motion to strike.—REVERSED.