S. K. MYERS, Appellant, v. KITTIE TOWNSEND.

**Sales:** RESCISSION—REPLEVIN. Plaintiff in replevin, who relies in his petition upon the breach of a contract for conditional sale of the property, cannot recover where the defendant establishes a

right to rescind the contract for fraudulent misrepresentations, that rescission and return were offered and demanded and that plaintiff has never acquiesced in such rescission.

*Appeal from Webster District Court.*—HON. B. P. BIRD-SALL, Judge.

THURSDAY, OCTOBER 28, 1897.

ACTION at law to recover the possession of a piano in the defendant's possession under a written contract, by the terms of which defendant agreed to pay therefor in installments. By the terms of the contract the title, ownership, and possession remained in plaintiff, and he was authorized to take possession of it at any time, even before the maturity of the contract. He alleged that but ten dollars had been paid on the instrument, that he had demanded possession, and that defendant had refused to surrender it. Defendant pleaded that the contract under which she purchased was partly in writing and partly in parol; that the instrument was warranted; that fraud was practiced upon her in its sale; that she offered to rescind the contract, by tendering back the instrument she received, and demanding the ten dollars she had paid, and the return of an old piano which she had given the plaintiff as part payment on the new one, which he refused to do. In reply the plaintiff denied the alleged fraud, and further pleaded that when defendant offered to rescind he had sold the piano, and could not return it. Trial to a jury, verdict and judgment for defendant, and plaintiff appeals.— *Affirmed.*

*Blake & Mitchell* for appellant.

*Yeoman & Kenyon* for appellee.

DEEMER, J.—The court instructed the jury, in effect, that if defendant was induced to enter into the contract by means of false and fraudulent representations of the plaintiff, which she relied upon; and if such representations were known by plaintiff to be false when made, and they were made for the purpose of deceiving the defendant, and were such as a person of ordinary intelligence and prudence would ordinarily act upon; and if the defendant, not knowing of their falsity, was induced thereby to execute the contract and part with her property, and she was damaged thereby; and if she, in reasonable time after the discovery of the fraud, offered to return said piano to plaintiff upon his returning to her the old piano, and plaintiff was in a condition so to do, but refused to do so, —then they should find for her. This instruction is complained of. We think that it was correct, as applied to the issues tendered. The plaintiff in such an action must recover solely upon the strength of his own title, and not upon the weakness of that of his adversary; and he must, in his petition, state the nature and extent of his interest in the property sought to be recovered. Having stated the nature and extent of his interest, and the grounds of his recovery, he must prove it, in order to be entitled to the verdict. Proof of some other state of facts entitling him to possession is not sufficient. *Kern v. Wilson*, 73 Iowa, 490. As plaintiff was seeking to recover under the terms of a written contract, the defendant could have defeated his recovery by pleading and proving any state of facts which would have avoided the contract. This, defendant attempted to do by pleading fraud in the inception of the contract, and the jury found that her claim was established. If established, the contract was avoided, and plaintiff could not recover thereon. It is said, however, that the facts pleaded in answer do not negative the plaintiff's right

of possession. These facts show an attempt at rescission on the ground of fraud and breach of warranty. It appears that defendant gave an old piano, valued at one hundred and twenty-five dollars, and ten dollars in cash, in part payment for the new instrument; that, as soon as she discovered the fraud and breach of warranty, she demanded the return of her old piano and the money paid, and offered to return the instrument she received; and that plaintiff refused to comply with her demands. If these demands had been complied with, plaintiff would, under proper allegations, have been entitled to the return of the instrument sold. Plaintiff did not consent to the rescission. On the contrary, he is now insisting upon the terms of his contract,—a contract which the jury found was fraudulent and void. Upon what theory, then, may he recover? He had no right to rescind the contract; for he is the party who was guilty of the fraud, and consequently can found no rights thereon. Had there been a mutual agreement for rescission, and plaintiff had made the necessary allegations in his petition, it is likely he could recover. *Downey v. Riggs*, 102 Iowa, 88. But that is not this case. Here plaintiff is seeking to assert his rights under the contract, and he is not entitled to the instrument, on account of rescission by the defendant for fraud, unless he acquiesced therein, and pleaded facts entitling him to recover by virtue of a mutual rescission of the contract. Any other rule would permit the seller to take advantage of his own wrong, and would give him, not only possession of the property sold, but confer upon him the fruits of his fraudulent bargain, as well. Surely this is not the law. It must be remembered that defendant is not pleading a counter-claim. She meets the plaintiff's claim under the contract by pleading and proving that it is void for fraud. Having done this, she meets the plaintiff's demand, and defeats his right to

recover. When it is conceded, as it must be, that plaintiff had no right of rescission, and that he must recover either upon the contract, or upon a mutual rescission which gives him the right to the possession of the instrument, the case is determined. Counsel argue at length the questions as to the character of the contract, the right to rescind, the necessity of a return of the property in order to effectuate a rescission, and many other question which we do not regard as controlling. True, the court instructed as to what it was necessary for defendant to do in order to rescind the contract on her part, and this instruction appears to be correct. It seems to be well settled that an offer to return the property is sufficient, where the contract is induced by fraud. *Hendrickson v. Hendrickson*, 51 Iowa, 68; 2 Parsons, Contracts, 780; Beach, Modern Contracts, section 792. Defendant did everything on her part essential to a rescission. Plaintiff did not assent to it, however, and is now insisting upon a recovery, under the terms of the contract, of the instrument sold; and at the same time is insisting upon retaining the money and piano received in exchange. This, as we have seen, he cannot do, and the court was right in so instructing the jury.— AFFIRMED.