H. J. FREDERICK, v. R. L. DAVIS AND MILLIE C. DAVIS,
Appellants.

Vendor and vendee: RESCISSION. A vendor in a contract for the
sale of real estate containing no forfeiture clause, who re-
scinds because of failure to make payments as agreed, must
return the payments already made.

*Appeal from Jefferson District Court.*— HON M. A. ROB-
ERTS, Judge.

THURSDAY, FEBRUARY 14, 1907.

SUIT to recover back money paid on the purchase price
of land. Trial to the court, and judgment for the plain-
tiff. The defendants appeal.— *Affirmed.*

*Leggett and McKemey,* for appellants.

*E. R. Smith,* for appellee.

SHERWIN, J.— The plaintiff and the defendants en-
tered into an oral contract for purchase and sale of certain
land at the agreed price of $3,300. The plaintiff paid $300
in cash, but afterwards failed to make further payment, as
he had agreed, and thereupon the defendants rescinded the
contract, returned to the plaintiff the notes which he had
given them for a part of the price, and refused to return the
money paid. It is the rule in this State that a party may
not rescind a partly executed contract without placing the
other party in *statu quo.* And the rule is applicable to
the sale of real estate when there is no forfeiture clause in
the contract. *Anderson v. Haskell,* 45 Iowa, 47; *Burge v.
Railroad Co.,* 32 Iowa, 101; *Downey v. Riggs,* 102 Iowa,
92; *Myers v. Townsend,* 103 Iowa, 572. The appellants
rely on Downey v. Riggs as an authority for their claim that

the plaintiff herein cannot recover. But in that case the plaintiff was not only at fault, but, according to the allegations of the answer, himself rescinded the contract. The case came to us on a ruling sustaining a demurrer to the answer, and we held the answer good. In the instant case the defendants rescinded because of the fault of the plaintiff, and, having done so, he must return the money received.

The judgment is *affirmed*.