Bridget Killeen, Appellant,. v. Nelson Greve et al.,
Appellees.

**REPLEVIN:** Pleading—Ownership by Purchase—Burden of Proof.
1 A plaintiff who, in replevin, plants his right to possession on
· absolute ownership by purchase from defendant must assume
the burden to so show, even though plaintiff may, at a prior
. time, have had rightful possession of the property.

**TRIAL:** Verdict—Special Interrogatories and Findings—Departure
2 from Issues. Special interrogatories which are not in accord
with the issues are properly rejected.

**APPEAL AND ERROR:** Harmless Error—Instructions Nonapplica-
3 ble to Pleading. Instructions nonapplicable to the pleadings,
while erroneous, are harmless when other instructions and spe-
cial findings which are applicable have abundant support in the
evidence.

**EVIDENCE:** Opinion Evidence—Conclusions—Whether Witness Had
4 Sold Property. Whether one "had agreed to sell" certain prop-
erty is not an unallowable conclusion.

**TRIAL:** Direction of Verdict—Verdict for Principal as Exonerat-
5 ing Agent. If plaintiff has no cause of action against the prin-
cipal defendant, verdict is properly directed in favor of de-
fendant's agent, who did nothing more than defendant author-
ized him to do.

*Appeal from Scott District Court.*—Wm. Theophilus,
Judge.

March 12, 1918.

Action of replevin for the possession of a colt. There
was a verdict and judgment for the defendant, and the
plaintiff appeals.—*Affirmed.*

*E. M. Sharon* and *John C. Higgins,* for appellant.

*Bollinger & Block,* for appellees.

EVANS, J.—I. The plaintiff is the mother-in-law of the defendant Alvina Greve, formerly Alvina Killeen, widow of Bernard Killeen and since intermarried with her co-defendant. Mrs. Greve was, without dispute, at one time the owner of the colt in question. Plaintiff's alleged right of possession is predicated upon the claim that she purchased the colt from Mrs. Greve. For some time prior to, and at the time of, the alleged purchase, the colt had been kept in the plaintiff's pasture. The defendant denied that she had ever sold the colt to the plaintiff. In the course of the summer, the colt was removed from the plaintiff's pasture to the defendant's home by the defendant's husband. The jury rendered a general verdict for the defendant, and a special finding that the defendant Alvina Greve had never agreed that the plaintiff should have the colt in question. Many errors are assigned by the plaintiff. The more important of them may be stated briefly as follows: That the court improperly laid upon the plaintiff the burden of proof of ownership of the colt, whereas the burden should have been laid upon the defendant, because the colt was in the pasture of the plaintiff, and therefore in her possession; that the trial court erred in advising the jury that the decisive question in the case was, which party was the owner of the colt; that the court should have instructed the jury that the decisive question in the case was, which party was entitled to possession; that the trial court improperly submitted to the jury an issue as to an alleged gift of the colt by the plaintiff to her grandson; that the trial court improperly permitted the defendant to testify to a mere conclusion that she had never agreed to a sale of the colt; that the court erred in refusing certain testimony offered by the plaintiff.

The plaintiff, in her petition, in stating the facts entitling her to the possession of the colt, expressly pleaded

1. REPLEVIN: pleading: ownership by purchase: burden of proof.

that she was the absolute and unqualified owner thereof by purchase from Alvina Greve. This was denied in the answer. These allegations made the issue upon which the right of possession must be determined. Appellant's argument in this court is predicated, in large part, upon the proposition that plaintiff was in possession of the colt by having the same in her pasture, and that her possession was, therefore, rightful, and that this is sufficient to sustain her action of replevin. No such issue was tendered in her petition, nor did she predicate her right of possession upon any such fact. Sufficient to say that the trial court instructed the jury in accordance with the issues as made by the pleadings, and properly laid upon the plaintiff the burden of proving ownership as alleged. *Kern & Son v. Wilson,* 73 Iowa 490, *Powers v. Benson,* 120 Iowa 428, *Myers v. Townsend,* 103 Iowa 569.

A similar question was involved in *Lagomarcino v. Quattrochi,* 89 Iowa 197, from which we quote as follows:

"Importance is attached to the fact that intervenor's possession at the time of the levy is not denied, and the rule of law is urged that possession of personal property is presumptive evidence of ownership. See 1 Greenleaf on Evidence, Section 34; *Wallace v. Wallace,* 62 Iowa 651. The rule does not apply to this case. This property belonged to the defendant, under the claims of both parties, at one time; and the real issue was, as presented, Had the intervenor purchased it? He averred that his ownership was by purchase. Mere possession would not prove purchase. Under the intervenor's statements, if he had not purchased the property, he did not own it. We think he assumed by his pleading the burden of showing a purchase."

For the same reason, the form of the special finding submitted by the court was proper, and the rejection of the form requested by the plaintiff was not improper. Under the special finding submitted by the

2. TRIAL: verdict: special interrogatories and findings: departure from issues.

court, the jury was required, in effect, to say whether the defendant Alvina Greve had ever agreed to a sale of the colt to the plaintiff. The finding was in the negative. Both the general verdict and the special finding have abundant support in the testimony. If the finding of the jury had been otherwise, we should have grave doubt of the sufficiency of the evidence to support it. Plaintiff's offered proof of the alleged purchase rested in the testimony of John Killeen, grandson of the plaintiff, and son of the defendant Alvina Greve. He was the alleged go-between in the negotiations. The general nature of the situation was that the Greves were owing bills, for which the plaintiff felt either morally or legally responsible. The allegation of her petition was that she had agreed to assume and pay these outstanding bills, in consideration of receiving the colt from Mrs. Greve. The testimony of the witness John Killeen on that question was very indefinite, both as to what bills were involved and as to the amount thereof, and as to what was really said by the two principals to the transaction. We are unable to find in his testimony evidence of the meeting of the minds of plaintiff and defendant on that question. Nor does it appear from the evidence that there was any change of attitude or act done by either party in pursuance of said alleged purchase. The deficiency in the testimony at this point was much emphasized by concessions made by the other principal witness of the plaintiff, Mary Killeen. The plaintiff herself was not a witness upon the trial. She had been confined with illness for a long time prior thereto. Her daughter, Mary Killeen, aided her in the transaction of her business pertaining to said colt, and in the bringing of this suit. She was a witness for the plaintiff, and testified as follows:

"We will hold the horse for our own bills—these bills that we have paid, Horstman's,—for these bills. We would like to have the bills paid, to have the money refunded for

the bills that are paid, or we would take the horse. When I say 'we,' I mean my mother; she says she is tired of—we wanted the bills paid, and we would hold the horse for the payment of the bills; that is why we are holding the horse now. We would not hold possession of the colt to secure my mother for the pasturage and corn if the bills are paid. I never claimed we owned the colt. My mother claimed she owned the mare. They (defendants) don't pay their bills; they leave their bills to have them bothering us."

The mare referred to in this testimony is another animal which was, without dispute, purchased by the plaintiff from the defendant.

II. This witness also testified that her mother had made a gift of the colt to the grandson, "Buster." The trial court submitted this question also to the jury, stating, in effect, that, if such a gift was made, the plaintiff could not recover in this case. Complaint is made of this instruction as injecting an issue not made by the pleadings and not supported by the evidence. This point is doubtless well taken. But, in view of the special finding of the jury on the question of ownership, such error was wholly nonprejudicial. The special finding was necessarily decisive against the plaintiff.

3. APPEAL AND ERROR: harmless error: instructions nonapplicable to pleading.

III. The defendant Alvina Greve being called as a witness in her own behalf, the following question was put to her:

4. EVIDENCE: opinion evidence: conclusions: whether witness had sold property.

"Q. You may now state whether, at any time, you have agreed to sell that colt to Mrs. Killeen, the plaintiff in this case. A. I never did. I never agreed to."

Objection was made to the question as calling for an opinion and conclusion. The objection being overruled, complaint is laid thereon. The question is on the border line of a conclusion. But it did call for a fact, even though

it had in it some of the qualities of a conclusion. We have frequently approved the ruling of the trial court in per-. mitting such a question. *Murphy v. Olberding,* 107 Iowa 548, and cases therein cited. There was, therefore, no error at this point.

IV. The trial court directed a verdict 5. TRIAL: direc- for the defendant Nelson Greve. He was the tion of verdict: active agent who took the colt home from verdict for principal as exonerating the pasture of the plaintiff. It is urged, agent. therefore, that, because he dispossessed the plaintiff, he is necessarily liable to the plaintiff in this action. It is sufficient to say that the finding in behalf of his codefendant is conclusive in his favor. If it were error to have directed a verdict in his favor, the error was cured by the finding of the jury in favor of his codefendant. Moreover, he made no claim either to the ownership or to the right of possession of the property. He acted only as agent of his wife. His possession was hers. There was, therefore, no error in directing the verdict in his favor. An examination of the record in the light of the appellant's argument satisfies us that no prejudicial error is disclosed. The judgment is, therefore,—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.