## BRANT v. PLUMER.

|  |  |
|---|---|
| 64 | 33 |
| 113 | 719 |
| 64 | 33 |
| 134 | 357 |

1. **Former Adjudication:** FACTS CONSTITUTING: ESTABLISHMENT OF HIGHWAY. Where, in a former action by plaintiff against defendant, to abate a nuisance occasioned by the obstruction of an alleged highway, the existence of the highway and its obstruction by defendant, were determined, *held* that these facts were *res adjudicata* in a subsequent action between the same parties, brought for the recovery of damages on account of the same obstructions.

2. **Highway:** OBSTRUCTION OF: RIGHT OF PERSON INJURED TO RECOVER DAMAGES. Before an individual can recover damages against another, occasioned by the obstruction of a highway, he must prove some special damage to himself not shared by the public generally. See opinion for cases cited and followed.

3. **Practice in Supreme Court:** FINDING OF TRIAL COURT TREATED AS VERDICT OF JURY. The finding of the trial court on issues of fact in a law case is treated as the verdict of a jury, and will not be disturbed where the evidence is conflicting.

*Appeal from Potawattamie Circuit Court.*

SATURDAY, JUNE 7.

ACTION for damages on account of the unlawful obstruction by defendant of a public highway. The cause was tried

VOL. LXIV—3

to the court, and the judgment was for defendant. Plaintiff appeals.

*Sims & Cadwell*, for appellant.

*George A. Holmes*, for appellee.

REED, J.—Plaintiff alleges that the highway in question has been continuously and constantly used by the public for a period of more than twenty years, with the knowledge and consent of the owners of the land over which it passes; and that it is the shortest, and at times the only passable, route between his farm and the town at which he and his neighbors do their trading and marketing; and that defendant unlawfully obstructed said highway by constructing fences across it, thereby excluding plaintiff and the public from using it. And the special injury which he claims to have sustained was the depreciation in value of a quantity of hay which he had on his farm at the time of the obstruction of said highway, and which, but for the obstruction, he would have hauled to the market and sold, at a time when it would have been worth $20 per ton in the market; but, being prevented by said obstruction from marketing at that time, he realized but $7 per ton for it. Defendant in his answer denied the existence of the highway. He also denied that the obstruction occasioned the special injury complained of.

On the trial, plaintiff introduced in evidence the record of an equitable action brought by him against defendant for the abatement of the nuisance created by the same obstructions in the highway, of which he complains in this action. That action and the present one were instituted at about the same time, but the equitable action was first tried. The judgment in that case determined the existence of the highway at the point in question, and defined its boundaries and course accross the tract of land on which the obstructions were placed, and directed the removal of said obstructions. The record of said judgment, then, was conclusive evidence in

this case of the existence of the highway, and of the obstruction thereof by defendant.

But, to entitle plaintiff to recover, it was incumbent on him to prove, in addition to this, that he had sustained some special damage or injury, which was not shared by the public generally. That he could not maintain an action for damages without proof of such special injury is clear on principle, and is well settled by the authorities. See *Ewell v. Greenwood*, 26 Iowa, 377; *Hougham v. Harvey*, 33 Id., 203; *Park v. C. & S. W. R. Co.*, 43 Id., 636. While we think the circuit court might have found from the evidence that plaintiff sustained the particular injury alleged in the petition, we cannot say that there was no conflict in the evidence on that question. There was evidence from which the court might have found that the property which plaintiff alleges he was prevented from hauling to market by the obstructions in the highway was destroyed by other causes before the nuisance was created. Under the well settled rule, then, that we will not disturb the finding of the court on a question of fact, when there is any evidence to sustain such finding, the judgment of the circuit court must be

AFFIRMED.