JOHN THOMAS, Appellant, v. H. O. McDANELD, Garnishee, Appellee.

1. Former Adjudication: AS TO WHAT MATTERS CONCLUSIVE. Where an insolvent debtor transferred to his wife certain real estate subject to execution in exchange for the homestead, and for the difference in value of the two properties made to the wife mortgages on certain real and personal property, and after disposing of a part of said personal property as his own, gave to his wife another mortgage on real estate, the amount of which was credited on the note secured by the chattel mortgage, and thereafter the wife foreclosed the two mortgages on the real estate, and obtained judgment against her husband upon the notes secured thereby, held, that such judgment was not an adjudication of the validity of the chattel mortgage and of the indebtedness thereby secured, the wife's cause of action thereon being independent of that on the real estate mortgages.

2. ———: OF NO EFFECT WHEN TAINTED WITH FRAUD: GARNISHMENT. The wife having been garnished by a creditor of the husband, who alleged that said judgment foreclosing the real estate mortgages was obtained by collusion and fraud between the husband and wife, held,

that if such judgment was so obtained it was not binding upon the creditor, and he was entitled to have the question of the validity of the notes and mortgages on which said judgment was based submitted to the jury.

3. Evidence: DECLARATIONS OF PARTIES IN OTHER PROCEEDINGS. Where upon the trial of issues joined with the answer of the wife as garnishee, in an action against the husband, the wife was called as a witness by the plaintiff, and the husband by the defendant, *held* that the plaintiff was not thereby precluded from reading in evidence the testimony of the wife formerly given in proceedings supplemental to execution, in respect to the same subject-matter, and containing different and additional statements in relation thereto, on the grounds of the presence of the witness in the court room, and of its being an attempt by the plaintiff to contradict or corroborate his own witness.

4. ———: ———: REBUTTAL. The husband having been examined in his own behalf in such proceeding, *held*, that the plaintiff was entitled to introduce in rebuttal the husband's testimony in the proceedings supplemental to execution, which was in several particulars different from and contradictory to that given on the trial herein.

*Appeal from Linn District° Court.*—HON. J. H. PRESTON, Judge.

SATURDAY, MAY 20, 1893.

The plaintiff, a judgment creditor of T. J. Mc-Daneld, brings this action to charge the defendant, H. O. McDaneld, garnishee, as an alleged debtor of said T. J. McDaneld. Issues were joined upon the answer of the garnishee, and the case submitted to a jury. A verdict was returned for the defendant, and judgment entered thereon, from which the plaintiff appeals.— *Reversed.*

*Rickel & Crocker,* for appellant.

*Davis & Voris,* for appellee.

GIVEN, J.—The pleadings are somewhat lengthy, the facts numerous, and the evidence conflicting and contradictory. The following will be sufficient for an understanding of the issues and questions presented on this appeal:

In 1884 the plaintiff obtained a judgment against T. J. McDaneld upon an account that accrued in 1877 and 1878, and which judgment remains unpaid and unsatisfied. T. J. and H. O. McDaneld are and were husband and wife during all the time of the transactions under consideration. Mrs. McDaneld owned a house and lot in Marion, Iowa, occupied by her and her husband as a homestead, valued at three thousand, five hundred dollars. Mr. McDaneld owned another house and lot, valued at one thousand, three hundred and fifty dollars. In December, 1877, they exchanged these properties, each conveying to the other at the values stated, and for the difference in values T. J. McDaneld executed to his wife one note for five hundred and fifty dollars, secured by mortgage on lot 3, block 4, and part of lot 8, block 12, Marion; also one note for one thousand, six hundred dollars secured by chattel mortgage, which included all the chattel property owned by McDaneld. These mortgages were duly recorded. On May 6, 1878, T. J. McDaneld executed his other promissory note to his wife for the sum of one thousand dollars, secured by mortgage on said lot 3, block 4, the amount of which note was credited on said note for one thousand, six hundred dollars, but not upon the record of the chattel mortgage securing the same. T. J. McDaneld retained the use and possession of the property covered by the chattel mortgage, and sold and disposed of the same as his own, with the knowledge and consent of his wife. He frequently made payments to and for his wife, of which no account was kept, and the exact amounts of which are not shown. They kept their money together; she, as they expressed it, holding the purse. In May, 1888, this defendant commenced her action for judgment against T. J. McDaneld on said notes for five hundred and fifty dollars and for one thousand dollars, and for the foreclosure of the mortgages securing the same. This plaintiff was made

defendant in that action, and filed his answer and cross petition, denying that T. J. McDaneld was owing the amount claimed, or any part thereof, and charging that said notes and mortgages had been paid in full; that they were without consideration, and fraudulent. The case was heard July 5, 1888, this plaintiff appearing by his attorneys. T. J. McDaneld not appearing, and default having been entered against him, judgment was entered in favor of this defendant against him for two thousand, five hundred and seventy dollars and fifty-two cents, and the case continued. On June 22, 1889, this plaintiff withdrew his answer and cross petition, and default was entered against him for want of answer, and decree establishing said mortgages as superior to his judgment.

I. The appellant's first complaint is of certain instructions given. To understand this complaint we 1. FORMER adjudication: as to what matters conclusive. must have in mind the issues and claims of the parties. The controlling issue is whether the appellee was indebted to her husband at the time the notice of garnishment was served upon her. The appellant contends that said exchange of properties, and said notes and mortgages, were all executed to hinder, delay, and defraud the creditors of T. J. McDaneld, and are, therefore, void as to them, and, being so void, the appellee is chargeable with the value of the property she received. This claim is not without support in the evidence. At the time of the exchange, T. J. McDaneld was insolvent, and most of his property subject to execution. He exchanged his house and lot for the homestead, and mortgaged all his other property to secure the difference, thereby placing it beyond the reach of his creditors unless the conveyances are set aside. Having sold most, if not all, the personal property covered by the mortgage, he gave a second note and mortgage on lot 3, block 4, thereby covering it to its full value, and

credited the amount on the chattel mortgage note, but failed to inform his creditors thereof by crediting it on the record. Thus they left the record to show a mortgage indebtedness of one thousand dollars more than is claimed to have existed.

Against this claim of the appellant, the appellee contends that her judgment against her husband was a full and final adjudication of the question of indebtedness, and, being in her favor, is conclusive that she was not indebted to her husband. The appellant answers this plea by alleging that said judgment was obtained by collusion and fraud, for the purpose of furthering the intent to hinder, delay and defraud the creditors of T. J. McDaneld. The appellant further contends that the question of indebtedness was not fully adjudicated in that action; that the adjudication was only as to the two notes and mortgages sued upon; and that the validity of the chattel mortgage, and the state of indebtedness resting thereon, and upon the personal property and money received by the appellee, from her husband, was not involved nor adjudicated in that case; and that, upon an accounting thereof, it appears that the appellee is indebted as claimed.

Upon these issues the court instructed, in substance, as follows: "That, if the jury failed to find that the appellee's judgment was collusively and fraudulently obtained by appellee, their duties were at an end, and they should return their verdict for the garnishee defendant." By this instruction, the appellee's judgment is made conclusive upon the question of her indebtedness, unless it was found that it was collusively and fraudulently obtained. That it was so conclusive as to all matters of indebtedness that were or should have been pleaded therein there can be no question; but it will be observed that the matter of the chattel mortgage, the one thousand, six hundred dollar note, and the amount of personal property and

money received by the appellee from her husband,
were not pleaded in that action. It was alone upon
the five hundred dollar and one thousand dollar notes,
and mortgages securing them.

In *Donahue v. McCosh*, 81 Iowa, 296, this court
held as follows: "One having two independent causes
of action against the same party, by suing upon one,
would not thereby be barred from afterwards bringing
his action upon the other, though both might have
been embraced in the first action." The appellee cer-
tainly has a cause of action upon the one thousand, six
hundred dollar note and chattel mortgage, independent
of her causes of action upon the two notes and mort-
gages upon which she did sue. T. J. McDaneld and
his creditors have a right in such an action to question
the validity of said note and chattel mortgage, and
whether or not anything is due thereon. This cause of
action being independent of, and not joined with, the
cause of action upon which said judgment was ren-
dered, that judgment was not an adjudication thereon.
In the absence of collusion or fraud in obtaining it,
that judgment is conclusive that T. J. McDaneld was
indebted to the appellee in the amount found on the
two notes sued upon, but it is not conclusive as to the
general state of indebtedness between them. We think
the instruction was erroneous.

II. The court further instructed that, if said
judgment was collusively obtained to defraud the cred-
itors of T. J. McDaneld, it would be no
adjudication as against the plaintiff; that,
if they so found, they should inquire
whether or not the appellee took any of the mortgaged
chattels, the value thereof, and the amount of pay-
ments made to her by T. J. McDaneld, and, if the
value of the property and the payments so received
exceeded the amount of the indebtedness due to the
appellee, they should find in favor of the plaintiff to

2. ——: of no effect
when tainted
with fraud:
garnishment.

that amount; otherwise they should find for the defendant.

If the appellee's judgment was not an adjudication as against the appellant because of collusion and fraud, he had the right to have the question of the validity of the notes and mortgages upon which said judgment was rendered submitted to the jury. If they were void as alleged, then the appellee was chargeable with the property she received under them. Under the instructions the inquiry was limited to the personal property and payments received by the appellee, while the amount of the judgment was left to stand in her favor. If the appellee's judgment was collusively and fraudulently obtained, it was, under the instructions, no adjudication as to the appellant, and the question of the validity of all these notes and mortgages should have been submitted to the jury, and they instructed to determine whether or not, upon all the transactions, the appellee was indebted to her husband at the time the notice of garnishment was served upon her. The appellant answered in that action that the notes and mortgages sued upon had been fully paid, and were without consideration and fraudulent. If the judgment was not obtained by collusion and fraud, as alleged, then it was an adjudication of these pleas, notwithstanding the withdrawal of the answer and cross petition, but, if the judgment was obtained as alleged, it adjudicated nothing.

III. The appellant, after having examined the appellee as his own witness, offered to read in evidence **3. EVIDENCE: declarations of parties in other proceedings.** her testimony formerly given, and taken in writing, signed by her, in a proceeding supplemental to execution on the appellant's judgment against T. J. McDaneld. The appellee objected, "as being an attempt to contradict or corroborate his own witness," and for the reason that the witness was present. "Defendant's counsel also state that, to any part of the examination in said Exhibit

A which is additional to the testimony given by the wit-- ness on the witness stand, no objection is made." The appellant was not precluded from proving material statements of the appellee made at other times by calling her as his witness, or by reason of her presence. Such evidence was against her as a party to the action, and admissible whether she was examined or not. The court excluded the entire document, thereby excluding that which was not objected to, as well as that which was. While the exhibit is largely the same as her testimony on the trial, it contains different and additional state- ments, that should not have been excluded under the objection.

IV. T. J. McDaneld having been examined on part of the defendant, the plaintiff in rebuttal offered

4. ——:——: rebuttal.

his evidence, taken in writing and signed, given in said proceeding supplemental to execution. The appellee objected to it as incompetent, immaterial, and not rebuttal, which objection was sus- tained. The evidence offered is in several particulars different from and contradictory of that given on the trial, and, in view of T. J. McDaneld's relation to this action, should have been admitted. It was in direct rebuttal of his testimony on the stand.

Other questions discussed will not arise on a retrial, and are, therefore, not considered. REVERSED.