## A. TAGUE, Appellant, v. C. B. McColm.

**Real property:** RESCISSION OF CONTRACT OF SALE: RECOVERY OF AMOUNT PAID. Where defendant entered into a contract for the sale of land containing no provision as to incumbrances, but providing for conveyance with full covenants upon complete payment, the existence of a mortgage falling due before time of final payment which defendant stated he would be unable to take care of, and thereupon he destroyed the contract and all papers in connection therewith, entitled plaintiff to rescind the contract and to recover money paid on the purchase price; and the evidence is also held sufficient to justify a finding of mutual rescission.

*Appeal from Harrison District Court.*—HON. E. B. WOODRUFF, Judge.

MONDAY, DECEMBER 20, 1909.

ACTION at law to recover a payment made as a part of the purchase price of land. There was a directed verdict for the defendant. The plaintiff appeals.—*Reversed.*

*F. A. Williams* and *A. W. Askwith,* for appellant.

*C. A. Bolter,* for appellee.

SHERWIN, J.—The plaintiff was a tenant of the defendant on the 5th day of November, 1907, and on said day they entered into a written agreement by the terms of which the defendant agreed to sell to the plaintiff the farm on which the plaintiff then lived as a tenant of the defendant. Three hundred dollars of the agreed purchase price was paid to the defendant at the time the contract was executed, and the plaintiff delivered to the defendant his notes for the deferred payments, one of which, for $100, was to become due on the 1st day of March, 1908, at which time possession of the farm was to be given to the plaintiff. The price which the plaintiff was to pay for the farm was stated in the contract, and the contract provided that, when full payment thereof had been made, the defendant would convey the land to the plaintiff with full covenants of general warranty up to the date of the contract. The contract was silent as to incumbrances, and the plaintiff did not know that the land was then incumbered by a mortgage of $1,000 which became due March 1, 1908. Such was the fact, however, and thereafter, and before the 1st of March, 1908, the plaintiff went to the defendant and told him that he had represented that the land was free from incumbrance when it was not; that if he would take care of the mortgage, he (the plaintiff) was ready to perform the contract on his part, but otherwise he would not perform. The defendant then said that he could not pay the mortgage off when it became due, and that he did not know what to do. The defendant then asked if the plaintiff had his copy of the contract with him, and, upon being told that he had, he asked to see it. The plaintiff handed it to the defendant who took it, and then went to his safe and took therefrom his copy of the contract and the notes that the plaintiff

had given for the deferred payments, and put them all in the stove where they were burned, the defendant remarking at the time, "Here goes nothing." Thereafter the defendant refused to return the payment made on the land, and this suit followed.

Under the showing made by the plaintiff he was clearly entitled to recover, and it was error to direct a verdict for the defendant. The contract required the defendant to deed the land to the plaintiff free from the incumbrance of $1,000. The mortgage became due at or about the time of the first deferred payment, and the plaintiff was not bound to take care of it, either at that or any subsequent time. When the defendant stated that he would not be able to take care of the mortgage when it became due, the plaintiff had the right to rescind, and was entitled to a return of the payment made. The evidence would also justify a finding that there was a mutual rescission on account of the defendant's inability to take care of the mortgage. In either event the plaintiff was entitled to recover. *Frederick v. Davis,* 133 Iowa, 362, and cases cited therein; *Downey v. Riggs,* 102 Iowa, 88.

The judgment is *reversed.*