A. J. BURGE, Appellee, v. PHILLIP GOUGH and ANNA GOUGH, Appellants.

Real property: SPECIFIC PERFORMANCE: MUTUALITY OF CONTRACT. An
1 executed contract for the sale and purchase of real estate, by which one party agrees to sell and the other to buy at a stipulated price and terms of payment, is not lacking in mutuality and may be specifically enforced.

Same: UNCONSCIONABLE CONTRACT. The mere fact that after the
2 execution of a contract for the sale of land there was a material increase in its value does not render the contract unconscionable so as to prevent specific performance; especially where the price agreed upon was fair at the time of making the contract.

Same. While courts of equity sometimes refuse specific perform-
3 ance of valid contracts, leaving the complainant to his legal remedy, in this action nothing is shown justifying a refusal of the relief asked.

*Appeal from Johnson District Court.*—Hon. R. P. Howell, Judge.

Monday, November 20, 1911.

Action for specific performance of a contract to convey real estate. There was a decree for the plaintiff, and defendants appeal.—*Affirmed.*

*Wade, Dutcher & Davis,* for appellants.

*Ranck & Bradley* and *S. K. Stevenson,* for appellee.

Evans, J.—The defendants are husband and wife. In August, 1908, they entered into a contract with the plaintiff as follows:

This is to certify to an agreement entered into this 31st day of August, 1908, between Phillip Gough and Anna Gough, his wife, and Dr. A. J. Burge, whereby they, Phillip Gough and Anna Gough, agree to sell to Dr. A. J. Burge their farm of one hundred and fifty-two acres (152), plus acres lying in section thirty-one (31), township eighty (80), range six (6), being the west half of the northwest one-fourth, and the north half of the southwest one-fourth, and a lane twenty-two feet wide leading south to the Marengo road, for the sum of eleven thousand ($11,000.00) dollars. Ten ($10.00) dollars of which is already received and one hundred and ninety ($190.00) dollars more to be paid on the delivery of a good and sufficient abstract of title by Gough to Burge. The balance to be paid on delivery of possession and deed, March 1, 1910, and to pay all taxes until they give possession. Mr. and Mrs. Gough hereby agree to keep the land and improvements as it now is, natural wear and tear excepted, and they are not to plow more than forty acres grass land and are to seed to timothy and clover the forty acres now in corn, in the spring of 1909. Dr. Burge is to have the privilege of setting out trees around the edge of the farm if desired and to tile drain during the season of

1908 and 1909 if he should desire.  Signed this 31st day of August, 1908.  Phillip Gough.  Anna Gough.  Dr. A. J. Burge.

The plaintiff made a good and sufficient tender on March 1, 1910.  The defendants refused to convey.

The principal point argued here by appellants is that the contract by its terms was lacking in mutuality, in that it contained no express agreement to purchase, or promise to pay by the plaintiff.  We are united in the opinion that the contract will not fairly bear such an interpretation.  It purports to be an "agreement" between the plaintiff on one part, and the defendants on the other.  The terms of the agreement are set forth therein.  It was duly signed by the plaintiff, as well as by the defendants.  It can not be said that the contract was a mere option to the plaintiff.  It was as binding upon him as it was upon the defendants.  The appellants cite authority as to the proposition that specific performance will not be awarded in favor of a party who was not himself bound by the contract.  We can not deem their authorities applicable to the case before us.  The contract herein involved is not unilateral, as contended by appellants.

1. REAL PROPERTY: specific performance: mutuality of contract.

It is also urged in argument that the contract was inequitable and unconscionable.  If this contention were sustained by proof, we should not overlook it.  We find nothing in the record to sustain this contention.  It does not appear from the evidence that the price agreed upon was less than the value of the farm.  On the contrary, it does appear on the cross-examination of one of the defendants' witnesses that it was "well sold at the time."  The evidence does show that there has been an increase in the value of lands in that vicinity since the date of the contract.  It is urged that the effect of this contract was to secure the plaintiff the advance in the value of the property between

2. SAME: unconscionable contract.

the date of the contract and date when it was to be performed, and that this advantage was acquired by the plaintiff by the mere payment of $10. The subject of future appreciation or depreciation is worthy of a seller's consideration before he enters into a contract of sale. It is not claimed herein that the subject did not receive consideration by the defendants before, they entered into their contract. It is simply shown that the land did, in fact, advance in value in the meantime to the extent of $10 or $12 per acre. The point is without merit. The necessary effect of an executory contract to convey real estate is to give the purchaser the benefit of future appreciation. He must carry the risk also of future depreciation.

In January, 1909, the defendants brought an action against the plaintiff in the district court of Johnson county, setting up the contract now before us, and asking for a cancellation of the same on various grounds.

3. SAME.        Upon a trial had, the petition was dismissed. The proceedings and judgment in that case have been pleaded by the plaintiff as an adjudication and as a bar to any defense in the present action. Much of the argument of counsel has been devoted to that question. We find it sufficient to say that that adjudication was not necessarily decisive of this case. Granting the plaintiff's contention that it adjudicated the validity of the contract, it would not necessarily follow that the plaintiff would be entitled to specific performance. Courts of equity often refuse specific performance of valid contracts, while leaving to the complainant his right to his legal remedy for damages for breach. In the case before us, however, we see no evidence of any fact which would justify us in refusing specific performance. The decree of the trial court. must therefore be, and it is, *affirmed*.