MARY PARDOE, et al., Appellees, v. FRANK L. JONES, Appellant.

**Real property:** CONTRACT OF SALE: RESCISION: RECOVERY OF PAYMENT.
1 Where the vendor of land, sold under a contract providing for the forfeiture of a certain sum by either party in case of default, after service of notice of rescission by the purchaser on the ground of fraud sold the land to another, he thereby either assented to the rescission or acquiesced in the abandonment of the contract by the purchaser, and in either event the purchaser was entitled to recover the payment already made, even though there was no fraud.

**Same.** There may be a mutual rescission or abandonment of a contract
2 for the sale of real property. Thus where the vendor, after notice of rescission by the purchaser on the ground of fraud, sold the land to another there was a mutual rescission; and after dismissal by the purchaser of his claim for damages for the fraud he was

entitled to judgment for the return of the amount paid on the contract, without the intervention of a jury; as the vendor could not keep both the land and the money.

Same: RESCISSION: RIGHT TO RESCIND. As a rule neither party can rescind a contract without cause, unless with the assent, either express or implied, of the other; but where one party repudiates or abandons his contract the other party may treat his act in so doing as putting an end to the agreement, though he is not bound to do so. This rule applies to contracts affecting real as well as personal property.

*Appeal from Madison District Court.*—HON. L. N. HAYES, Judge.

THURSDAY, OCTOBER 23, 1913.

SUIT in two counts to recover back money paid on a contract for the sale of real estate and for damages for fraud and false representations. Plaintiffs had paid $150 on the contract, and a short time thereafter served notice of rescission because of the alleged fraud of defendant in obtaining the contract, and demanded the return of the $150. On the trial, it developed that defendant had sold the real estate to another. Plaintiffs dismissed their claim for damages for false representations. Defendant claimed a forfeiture of the $150. The court directed a verdict for plaintiffs for $150 and interest. The facts and claims of the parties more fully appear in the opinion. Defendant appeals. *Affirmed.*

*Robbins & Nicholson* and *W. S. Cooper,* for appellant.

*A. W. & Phil R. Wilkinson,* for appellees.

PRESTON, J.—By the contract, defendant agreed to sell and convey to plaintiffs certain land for $1,300. A payment of $150 was made at the time of the execution of the contract. Defendant was to execute a deed to plaintiffs when deferred payments had been made. The contract provided

that, if either party made default or refused to comply with its conditions, such party should forfeit $150. Defendant did not serve notice of forfeiture, as provided in section 4299 of the Code. It is his contention that he was not required to do so because plaintiffs had served notice of rescission, and thereby had refused, on their part, to carry out the contract. The sale of the land by defendant to another party, one Kitchell, was after the notice of rescission by plaintiffs and after the suit was brought. On the trial, after it had developed that defendant had sold the land, plaintiffs amended their petition, pleaded the fact of such sale, and claimed that defendant could not accept the rescission and retain the purchase price. They renewed their demand for judgment for $150 and moved the court to direct a verdict for them for that amount on the first count of the petition, because defendant had not complied with the statute with reference to forfeiture, and because it appeared that defendant had sold and conveyed the real estate in controversy to another party, and claiming that defendant could not, under the issues and the evidence, hold the $150 paid on the real estate. The motion was sustained, and plaintiffs then dismissed their claim for damages for false representations. In his answer, defendant denied plaintiffs' allegations of fraud, denied their right to rescind, and tendered performance of the contract on his part. Thus the matter stood until, on the trial, it appeared that defendant had sold the land and put it out of his power to perform his part of the contract.

Appellant states the question in the case to be whether or not, under this contract of sale, where vendee serves notice of rescission, fails to perform his part of the contract, and the vendor sells to another, the vendee is entitled to a return of the purchase money paid, whether the ground of rescission is good or not. He insists that the case should have gone to the jury on the question as to whether there was any fraud on the part of defendant in obtaining the contract, as a ground for rescission by plaintiffs. This would be true, per-

1. REAL PROPERTY: contract of sale: rescission: recovery of payment.

haps, if defendant had insisted on the performance of the contract by plaintiffs, and kept himself in position to perform. By the sale, defendant should be held to have assented to the rescission, in which case plaintiff would be entitled to a return of the $150 paid on the purchase money. In other words, if there was a rescission by consent, or if plaintiffs were entitled to rescind because of defendant's fraud, in either event the plaintiffs would be entitled to a return of the $150.

These facts as to the payment of the money, the sale of the land, the terms of the contract, and the conduct of the parties, were not disputed. In our opinion, the question of false representations or fraud would make no 2. Same. difference under the state of the record, and, plaintiffs having dismissed the second count, there was no question for the jury.

In the California case cited by appellant, *Glock v. Howard*, 123 Cal. 1 (55 Pac. 713, 43 L. R. A. 199, at page 207, 69 Am. St. Rep. 17), it was held that the vendee, who was himself in fault in the payment of a portion of the money, could not, against the will of the vendor, repudiate the contract and recover the portion already paid. But in the same case it was said: "There have been many cases before this court involving the rights of parties to agreements for the sale and purchase of real estate, in which it has been held that after the parties have rescinded the agreement, or mutually agreed to abandon it, the vendee may recover the money which he had paid in part performance of his contract (citing cases); but it had never been held that while the contract was insisted upon by the vendor, and he had done no act by which it might be contended that he had abandoned the contract, or was in any respect in default, the vendee could recover the money paid by him in part performance of the contract." To the same effect, see *Frey v. Stangl*, 148 Iowa, 522, 526, involving however, a parol contract and the statute of frauds. In that case, it was said: "As the contract is not void it is manifest that the vendee may not recover money paid in

part performance, if he has elected to repudiate the agreement, or if the vendor is ready, able, and willing to perform the agreement on his part. The authorities in general so hold.'' In the same case, the court quotes a New Hampshire case as follows: ''We are of the opinion that the plaintiff is not at liberty to treat the contract for the sale of land in this case as void, unless the defendant refused, or disabled himself, to perform it.''

After the conveyance by defendant to Kitchell, defendant was not in a position to insist on performance. In the case at bar, plaintiffs' had not repudiated the contract, but sought to rescind it for cause. Defendant should be held to have assented to the rescission by his sale of the land and putting it beyond his power to perform. Upon discovering that the land had been sold, plaintiffs dismissed their claim for damages for the fraud, thus on their part assenting to the sale and defendant's abandonment of the contract. So that, if plaintiffs attempted to rescind and defendant assented thereto, and there was a mutual rescission, or if there was an abandonment of the contract by defendant by his sale to Kitchell, assented to or acquiesced in by plaintiffs, then plaintiffs would in either event be entitled to recover back the $150 paid. If the contract was mutually rescinded ·or abandoned, defendant could not keep both the land and the money.

There may be a mutual rescission or abandonment. *Tague v. McColm,* 145 Iowa, 179; *Quarton v. Law Book Co.,* 143 Iowa, 517, at pages 528, 529; *Glock v. Howard,* 123 Cal. 1 (55 Pac. 713, 43 L. R. A. 199, 203, 69 Am. St. Rep. 17).

As a general rule, neither party may rescind a contract, without cause, without the assent, express or implied, of the other; but, if one party repudiates or abandons his contract, the other, though not bound to do so, may treat the repudiation or abandonment as putting an end to it. *Quarton v. Law Book Co.,* 143 Iowa, 517, 528. The *Quarton* case was a contract in re-

3. SAME: rescission: right to rescind.

gard to personal property, but it has been held that a contract for the purchase and sale of real estate does not differ from any other contract so far as the rights of the parties under its terms are affected. *Glock v. Howard,* 123 Cal. 1 (55 Pac. 713, 43 L. R. A. 199, 206, 69 Am. St. Rep. 17).

Under the record, we think defendant could not claim the forfeiture without serving the notice required by the statute; but, in view of the conclusion we have reached, it is not necessary to further consider or discuss that question. The court did not err. *Affirmed.*

WEAVER, C. J., and LADD and EVANS, JJ., concur.