S. G. LATHROP et al., Appellants, v. C. J. SPECHT, JR., et al.,
Appellees.

ASSIGNMENTS FOR BENEFIT OF CREDITORS: Administration
1  of Assigned Estate—Executory Contract of Assignor—Assignee
to Accept or Repudiate. An assignee for the benefit of creditors
takes an executory contract of his assignor to convey land, sub-
ject to carrying it out or repudiating it within a reasonable
time.

VENDOR AND PURCHASER: Rescission—Restoration of Considera-
2  tion. Where $500 had been paid on a land contract, the vendor
could not repudiate the same without paying back what had
been paid.

ASSIGNMENTS FOR BENEFIT OF CREDITORS: Administration
3  of Assigned Estate—Assignee Represents Assignor and Credit-
ors. While the assignee for benefit of creditors in the manage-
ment of the estate represents both the assignor and creditors, his
*primary* duty is to the creditors.

ASSIGNMENTS FOR BENEFIT OF CREDITORS: Administration
4  of Assigned Estate—Contract of Assignor—Assignee Must Re-
turn Benefits upon Repudiation. While the right rests in the as-
signee for benefit of creditors to refuse to perform his assignor's
improvident contract, yet he so far stands in the place of the
assignor that he cannot repudiate the contract and at the same
time retain for the creditors the benefits received from the
contract.

ASSIGNMENTS FOR BENEFIT OF CREDITORS: Filing Claims—
5  Non-Necessity on Repudiation of Contract. One who has, under
an executory contract of purchase of land, made an advance
payment, may recover the same of the vendor's assignee for the
benefit of creditors, who has repudiated the contract, without
filing the claim against said estate.

*Appeal from Carroll District Court.*—M. E. HUTCHISON,
Judge.

MAY 19, 1919.

AN action in equity to require the receiver to refund
certain money paid upon a land contract, the receiver hav-

ing refused to perform the contract, and the money sought
to be recovered having been paid to the assignor in part
performance of the contract. Opinion states the facts. De-
cree for the defendant in the court below. Plaintiffs ap-
peal.—*Reversed.*

*Lee & Robb,* for appellants.

*L. H. Salinger* and *F. H. Cooney,* for appellees.

GAYNOR, J.—The plaintiffs' petition shows the follow-
ing facts:

The plaintiffs and the Farmers Bank of Glidden en-
tered into a written contract on the 23d day of February,
1914, by the terms of which the bank agreed to sell and
convey 120 acres of land to the plaintiff, in consideration of
the sum of $26,000, to be paid for as follows: $500 on the
execution of the agreement, and the balance as follows:
$3,500 cash on March 1, 1915, and the execution of a note
for $22,000, payable in 10 years, with interest at the rate
of 6 per cent from March 1st, secured by a mortgage on
the land. On that date, and on the performance of the
agreements on plaintiffs' part to be performed, the bank
agreed to deliver to the plaintiffs a good and sufficient war-
ranty deed, with abstract of title continued up to that date.
At the time of the execution of the contract, plaintiffs paid
to said bank $500. On the 8th day of June, however, fol-
lowing the making of the contract, the bank made a gener-
al assignment of all its property, for the benefit of its cred-
itors, to C. J. Specht, Jr., one of the defendants herein.
At the date of this assignment, and until March 1, 1915,
the contract between the bank and plaintiffs remained in
full force and unperformed, except the payment of the $500.
The bank turned over to the assignee all its property, both
personal and real, including the real estate that was the
subject of the contract. The assignee gave notice of his

appointment by publication, the first publication being on the 25th day of June, 1914. No extension of time was given to *creditors* for filing claims against the estate, and this plaintiff did not file any claim, nor was any extension of time asked for or given.

On the 1st day of March, 1915, the date fixed for consummating the contract, the plaintiff tendered to Specht, the assignee, the sum of $3,500 cash, together with his note for $22,000, dated March 1, 1915, and due March 1, 1925, with interest thereon at 6 per cent, as required by the contract, together with the mortgage upon the real estate, as provided in the contract, and demanded a deed to said premises. The said Specht, assignee, refused to fulfill the contract, and refused to give to the plaintiff the deed contemplated by the contract. The first notice or knowledge the plaintiffs had that the defendant or his assignee did not intend to perform the contract was on that day. On the refusal of the defendant or his assignee to perform, plaintiffs immediately demanded the repayment to them of the $500 which they had paid, in good faith, and in reliance upon the fulfillment of the contract by the defendant. The assignee refused and still refuses to return to the plaintiffs the $500. There has been, ever since said assignment, and now is, in the hands of the defendant assignee, cash in amount greatly in excess of the said $500 and interest thereon, and an amount necessary to pay all costs and expenses of said assignment.

The prayer of the plaintiff is that the defendant be ordered by the court to repay to him, out of the assets of said Farmers Bank of Glidden in his possession, the sum of $500, with interest thereon from the 1st day of March, 1915, at 6 per cent, and that the plaintiffs have such other and further relief as may seem equitable to the court in the premises.

To the petition alleging the facts above set forth, the assignee demurred, and as grounds for demurrer said:

(1) That the facts stated do not entitle plaintiffs to the relief demanded.

(2) That plaintiffs are not entitled to the relief demanded, or to any relief, because the petition shows on its face that their remedy, if any, is by filing a claim with the assignee.

(3) That to grant the prayer of the petition would be to give plaintiffs a preference over the general creditors of the bank, and would be equivalent to making plaintiffs' claim a preferred claim against the estate.

(4) That there was no default in plaintiffs' contract *at the time of the assignment*, and no obligation created thereunder which the plaintiffs could enforce against the assignee, at the time of the assignment.

There were other claims pleaded which are not material to be set out. The demurrer was sustained, and plaintiffs' petition dismissed, and plaintiffs appeal.

The only question here for our consideration is: Was the demurrer rightly sustained? Are the plaintiffs entitled to any relief under the allegations of the petition?

It will be noted that there is no showing in the record (for we are confined to the petition for our facts) that the estate now in the hands of the assignee is not in the same condition that it was at the time the assignment was made. There is no showing that any claims were ever filed against the estate and approved. We may assume that the assignment would not be made unless there were claims against the assignor to be satisfied out of the estate assigned. The amount of these claims does not appear. It will be noted, also, that all the property of the bank passed to the assignee under the assignment. This would include the land which was the subject of the contract, as well as the contract itself. There is no affirmative showing that

the $500, paid by the plaintiffs to the bank as a part con-
sideration on the purchase price of the land, passed into
the hands of the assignee; neither is there any showing
that it did not.  It does appear that, at the time this suit
was commenced, the receiver had more than $500 on hand.
When the bank received this $500, it received it as a part
performance of the contract in which it had pledged itself
to convey to the plaintiffs the thing which it had contracted
to deliver to the plaintiffs.  The contract was made in Feb-
ruary, 1914.  It was not to be consummated until March 1,
1915.  The contract was executory.  On the 1st of March,
1915, there were reciprocal duties then to be performed.
The plaintiffs were to pay the balance of the consideration
which the contract called upon them to pay.  The defend-
ant was to convey the land to the plaintiff.  These were
mutual, reciprocal, contractual duties resting on each up
to that time.  They fixed the 1st day of March, 1915, for
the discharge of these reciprocal duties.  The $500 was
paid in anticipation of and in reliance upon the perform-
ance of these reciprocal duties on that date.  Neither had
any claim against the other which could be insisted upon
or enforced in any form of action prior to that date.  These
reciprocal duties were unaffected by the assignment made
by the bank to the defendant Specht, on the 8th day of June,
1914.  The contract still remained execu-
tory, and, as between the bank and plain-
tiffs, it still remained for either party to in-
sist upon its performance on that date.  It
was the right of the assignee, however, with-
in a reasonable time, to refuse performance
of the contract, if, in his judgment, the per-
formance was not for the best interests of
the creditors he represented.  He took the contract under
the assignment, with the right to carry out the obligation
of his assignor, or to repudiate it within a reasonable time.

1. ASSIGNMENTS
FOR BENEFIT OF
CREDITORS : ad-
ministration of
assigned es-
tate : executory
contract of
assignor :
assignee to
accept or
repudiate.

When this contract was completed, and the $500 was paid, a duty rested on the bank to convey the land to the plaintiffs upon the performance of the stipulated conditions.

2. VENDOR AND PURCHASER: rescission: restoration of consideration.

It could not repudiate the contract without paying back what it had received on the contract. When the assignment was made, and the contract passed into the hands of the assignee, the contract and its obligations were still unbroken. It still remained for the assignee to perform the contract, if he so elected. He had, however, a discretion to refuse to perform, if it seemed best to him, having in view the interests of the creditors he represented.

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS: administration of assigned estate: assignee represents assignor and creditors.

The assignee represents both the creditors and the assignor. It is true that his primary duty was to the creditors. Their interest was his first consideration. The property came into his possession for the benefit of the creditors of the assignor. But even an assignee, representing creditors, may, by a court of equity, be required to do equity. As said before, the assignment was no breach of the contract, and gave plaintiffs no notice of a breach of the contract. It yet remained in the power of the assignee to perform. Plaintiffs could not repudiate the contract because of the assignment, because the assignment did not, in and of itself, operate as a breach of the contract.

4. ASSIGNMENTS FOR BENEFIT OF CREDITORS: administration of assigned estate: contract of assignor: assignee must return benefits upon repudiation.

While the right rests in the assignee, in the interests of creditors, to refuse to perform an improvident contract made by his assignor, yet he so far stands in the place of the assignor that he cannot repudiate the contract and keep the subject-matter of the contract for the benefit of the creditors, and at the same time retain the benefits received from the contract for the benefit of creditors. The assignor owned this

land at the time of the assignment. He had, however, as to this land, pledged himself in an executory contract to the performance of certain duties. Through the pledging of these duties, he received a consideration from this plaintiff —the very thing that plaintiffs now seek to have returned to them because the receiver has elected to retain the property pledged, for the benefit of creditors. The agreement to convey was in consideration of the $500. To allow the receiver to retain this $500 for the benefit of creditors, is to allow him to retain that which was pledged to the plaintiff for the $500,—the $500 paid as a consideration for the pledge. The bank, by its assignment, placed it in the power of its assignee to refuse to perform this contract. The property in the hands of the assignee was the property of the assignor. It is true it passed to the assignee for the benefit of the creditors. The legal title became vested in the grantee, but equity will not allow the assignee to retain the land and refuse to perform the executory contract, and retain the sum paid in reliance upon its performance.

While it is true that the assignment transfers the property of the assignor to the assignee for the benefit of existing creditors, it does not destroy the obligation of an executory contract, especially when that contract involves the passing of title to the lands of the assignor which are affected by the executory contract. When this executory contract was made, the plaintiffs were entitled to at least two remedies: either to have the land conveyed to them upon the performance of all conditions on their part to be performed, or, upon refusal to perform, to receive back the consideration that they had paid upon the contract. The right to perform the contract passed to the assignee. With this right passed the duty to refund from the assignor's property what had been received upon the contract, in the event that the assignee elected not to perform. He could perform if he considered it for the best interests of credi-

tors. He could repudiate the contract if he considered it for the best interests of the creditors. In either act, the creditors' interests controlled his action. When he elected, in the interests of creditors, to repudiate the contract, the obligation rested on him, as the representative of the assignor whose property he was handling for the benefit of creditors, to refund to the other party the consideration paid. This is equitable, and it is right. Whether the assignee elected to perform or to repudiate, we must assume that his action was in the interests of the creditors. As a representative of the creditors, neither he nor the creditor has a right to complain, when required to perform an equitable duty.

The statute requiring that claims against an estate existing at the time of the assignment be filed with the assignee within a limited time has no application to a case like this. There was no claim to be filed. Plaintiff, at the time of the assignment, had a contract under which he had a right to this land, upon paying the amount stipulated in the contract. That is all the right he had; no right to have the money refunded until the assignee, exercising his discretion, refused to perform the contract and convey the land. Immediately upon refusal, a duty arose on the part of the assignee, as on his assignor, to return the money paid on the contract. The election, no doubt, was based upon a careful consideration of the best interests of the creditors. The refusal was as election to keep the land and pay back the $500. This election was made for the benefit of the creditors, whom he represented. The consideration could only come out of the fund in the hands of the assignee. It took nothing from creditors, because, by his election, he retained for the benefit of creditors enough of the assignor's property to represent the amount he was called upon to pay. Surely, if the

5. ASSIGNMENTS FOR BENEFIT OF CREDITORS: filing claims: non-necessity on repudiation of contract.

property which the plaintiff had agreed to buy at a stipulated consideration was of less value than the consideration which he had stipulated to pay, it would be to the interest of creditors that the assignee perform the contract, receive the consideration, and pass the land to the plaintiffs. If it should appear to the assignee that the land was of greater value to the creditors than the amount which plaintiffs had stipulated to pay, then, in the interests of the creditors, it would be the right of the assignee to elect not to perform; but on this election, his duty became the same as that of the original party to the contract who refuses to perform: to wit, to return the consideration already paid. See *Sunflower Oil Co. v. Wilson*, 142 U. S. 313, 332; *Pedley v. Freemen*, 132 Iowa 356; *Waters v. Pearson*, 163 Iowa 391; *Pardoe v. Jones*, 161 Iowa 426; *Frey v. Stangl*, 148 Iowa 522; *Button Land Co. v. Noon*, 163 Iowa 547.

It will be noted that the prayer of the plaintiffs is that the receiver be directed to return to him the amount paid, with interest, and that this prayer rests upon the fact that they have paid this amount of money to the defendant's assignor, in consideration of the defendant's assignor's agreement to convey to them certain lands, which have passed into the hands of the assignee, and are now held by the assignee for the use and benefit of creditors, and which the assignee, representing the creditors, refuses to convey.

On the whole record, we think the court was wrong in sustaining the demurrer, and its action is, therefore,—*Reversed.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.