A. R. BRINGOLF, Appellee, v. PARKHURST AUTO COMPANY et al.,
Appellants.

**SALES:** Rescission—Evidence. A plea of mutual rescission must necessarily fall when the testimony of both seller and buyer disclaims any intent to rescind.

**SALES:** Rescission—Pleadings. A plea of rescission and return of an article may be met by an answer to the effect that the return of the article was not an act of rescission, but was simply a surrender of the article under a purchase-money mortgage thereon.

*Appeal from Hamilton District Court.*—R. M. WRIGHT, Judge.

JANUARY 10, 1922.

ACTION at law to recover $600.13 on an alleged recission of a contract of purchase and sale of a Master truck. At the close of the testimony the court directed a verdict in favor of the plaintiff and judgment thereon was entered accordingly. Defendants appeal.—*Reversed.*

*O. J. Henderson,* for appellants.

*R. G. Remley,* for appellee.

DE GRAFF, J.—In August 1919 plaintiff, a gravel hauler, purchased a Republic truck from defendants for $2,556.12 and paid $954.81 in cash and gave a series of notes for $159.14 each for the balance of the purchase price. Later this truck was returned to defendants on account of its failure to do what it was represented it would do, and a new contract was entered into whereby it was agreed that plaintiff would exchange the Republic for a Master truck valued at $2,800. It was further agreed that $454.81 paid on the Republic truck should be applied on the Master truck. Plaintiff paid additional cash in the sum of $145.32, or a total of $600.13, and gave a series of notes of $175.04 each for the balance.

1. SALES: rescis-sion: evidence.

It is the claim of the plaintiff that the Master truck was unsatisfactory for graveling roads and for this reason it was returned to the defendants, who subsequently sold it, and as contended by the defendants under the sale clause of a mortgage that was executed by plaintiff on the truck at the time the second deal was consummated.

The primary question presented by this appeal is whether or not there was a rescission of the contract. Incidental to this question, did the trial court err in striking the amendment to the answer of the defendants in which it is alleged that "after plaintiff had voluntarily returned said truck to the defendants and had specifically told the defendants that he relinquished any further claim on said truck and refused to pay any further part of the purchase price thereof, that the defendants thereupon and

in reliance upon plaintiff's statement aforesaid, and pursuant to the terms of the purchase price mortgage given by plaintiff for said car, sold the same to one Millang, and plaintiff is thereby estopped from claiming that such sale constituted a rescission of his original contract.''

Plaintiff pleads in his petition that the contract was mutually rescinded. This the defendant denies in the answer thereto.

Plaintiff in his original petition predicates his rescission upon a breach of warranty on the sale of the truck. It is well settled that a purchaser may elect to keep the thing purchased and bring his action for damages on the warranty or rescind the contract by returning the thing and bring his action to recover what he has paid for it.

A reading of the petition and the amendments thereto discloses that the plaintiff based his recovery on rescission and seeks to recover that part of the purchase price paid by him. The plaintiff's testimony, however, discloses that he had no intention to rescind at the time that he returned the truck to the vendor and no notice of intent to rescind, either oral or written, was thereafter given to the vendor.

Plaintiff's testimony is as follows:

''On December 3rd I took it (the truck) to Parkhurst, and said, 'I would never pay a cent on the truck until he would fix it up.' He said he would have his men fix it. * * * It was the agreement with both of these trucks that he was to have an opportunity to fix it; that was true also about the Master truck. I understand he was willing to fix it. I understand when I left the Master truck that Mr. Parkhurst was willing to make right anything that was wrong and it was my understanding that he was going to work and fix it up. * * * I never talked to Mr. Parkhurst' or Mr. Mason from the time I left the Master truck until shortly before this suit was brought. I believe I did in March the next spring. Q. Well, did you expect to get it back at that time or didn't you? A. I expected to get it back sooner than that. It was not the agreement that he was to notify me.' I went by Parkhurst's place probably a thousand times that winter but I never stopped to inquire what he had done about this car. When I took the Master truck back I did not have in mind to call the deal off. There was no talk about rescinding the con-

tract and no such understanding. When I pleaded in my petition that I returned the Master truck and rescinded the agreement and defendant accepted said rescission, and took it back, I did not mean it when I so stated in the petition that I had rescinded the contract at the time. There was no rescission.''

Parkhurst, manager of the defendant company testified:

''When Mr. Bringolf brought the truck back he said he was through with it. He named three things that were wrong,—the heating, the brake and the carbureter and connections. I told him I would have any of those things made right. Q. What did he say to that? A. He said he wouldn't keep the truck. From what he said I took it that he repudiated the contract and that is the reason I sold the truck to Mr. Millang. He never called to see about the truck or anything about it after that time. We fixed it up.''

The act of rescission is the unmaking of a contract, and arises by mutual consent, either expressed or implied. Plaintiff pleads a mutual rescission. It requires the same concurrence of minds as that which made the contract, and nothing short of this will suffice. The mere termination or cancellation of a contract by one party is not in legal effect a rescission. True, it is not necessary that a formal agreement or release is executed, and a rescission may result from a course of conduct of the parties which clearly indicates their mutual consent and an understanding that the contract is abrogated. The rescission of a contract has the legal effect of entitling each of the parties to be placed *in statu quo* as nearly as possible, and no rights accrue to either party under the terms or provisions of the contract so rescinded. There must be an intention to rescind. A court is not privileged to impose by judicial fiat an agreement of rescission upon the parties when it appears there was in fact no such agreement.

The plaintiff in the instant case states that there was no rescission. Likewise does the defendant. This concludes and precludes further discussion on this subject. As bearing upon the proposition see, *Pardoe v. Jones,* 161 Iowa 426; *Mortensen v. Frederickson Bros.,* 190 Iowa 832; *Clark v. American Dev. & Min. Co.,* 28 Mont. 468 (72 Pac. 978).

The record discloses that a few days prior to the trial plaintiff amended his petition by reciting for the first time the resale

of the truck to Mr. Millang as evidence of rescission of the contract by defendants. Responding to this amendment the defendants during the trial but prior to the submission of the case filed an amendment to their answer in which there is specifically recited the conditions upon which the truck had been returned and alleging the purchase money mortgage under which defendants understood the truck to have been voluntarily surrendered. The mortgage was offered in evidence but upon objection the court refused its admission, and upon motion the amendment to the answer was stricken from the files. In view of the prior pleadings we recognize the right of the defendants to plead affirmatively that the return of this truck and its resale was by virtue of a surrender under the mortgage. This mortgage contained conditions under which the defendants were not only entitled to the return of the truck, but to take it. It further provides that the defendants might sell the truck at private sale without demand for performance, pay all expenses, and apply the residue to the payment of the indebtedness.

*2. SALES: rescission: pleadings.*

It is for the jury to determine whether the truck was returned under a rescinded contract or as a matter of surrender pursuant to the terms of the mortgage. The court was in error in striking the amendment to the answer pleading essential and defensive matters. Wherefore this cause is—*Reversed and remanded.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.