Supreme Court—Lloyd v. Weinstock.

---

JOHN N. LLOYD v. ABRAM WEINSTOCK.

Decided November 16, 1926.

**Sale of Real Estate—Recovery of Deposit—Defendant was Unable to Give Marketable Title—Held, That Upon the Facts Judgment For Plaintiff For Return of Deposit Will be Affirmed.**

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the appellant, *Carl Olsan.*

For the respondent, *William P. Hurley.*

PER CURIAM.

This action was brought by the plaintiff to recover the amount of a deposit of $1,000 made by him on account of the purchase-money of property which he had contracted to buy from the defendant. The trial resulted in the direction of a verdict in favor of the plaintiff for the amount of his deposit, with interest, and the defendant has appealed. The principal contention is that the direction of a verdict was improper.

An examination of the state of the case discloses the following situation: The defendant, Weinstock, desired to sell a piece of property located on Hawthorne avenue, in the city of Newark, and he employed one Hathaway as his agent to obtain a purchaser for the same, the price being fixed at $11,000. Hathaway entered into negotiations with the plaintiff, with the result that the latter agreed to buy the property for the sum named, and he paid Hathaway $1,000 on account of the purchase price, and the latter turned it over to Weinstock, the defendant. When the time came for the execution of the contract and the delivery of the conveyance, a deed of general warranty, with a covenant against encumbrances, was tendered to the plaintiff, and this he refused to accept, upon the ground that there were outstanding interests in, and encumbrances upon, the property, which rendered the title thereto unmarketable. The facts upon which he based this claim were undisputed, and demonstrated that he was right in his contention. At the close of the trial the Circuit judge directed a verdict in favor of the plaintiff, as has already been stated, for the amount of his deposit of $1,000 and interest.

We think, upon the facts recited, that the trial judge was justified in doing so. Weinstock being unable to perform the contract for the sale of the property made for him by Hathaway, as his agent, by conveying a good and marketable title

thereto, the plaintiff was entitled to a return of the money paid by him on account of the purchase price.

It is further argued that the complaint does not contain an averment of the existence of several of the material facts herein recited, and that, therefore, the verdict was directed upon a cause of action not embraced in the pleadings. This, however, affords no reason for a reversal of the judgment. Section 27 of the Practice act of 1912 provides that "no judgment shall be reversed on the ground of misdirection or the improper admission or exclusion of evidence, or *for error as to matter of pleading or procedure,* unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party." Moreover, at the conclusion of the evidence submitted the trial court directed that the complaint be amended so as to set out the real cause of action, which had been the subject of the trial before the jury, and the propriety of this judicial action is not challenged by the appellant.

For the reasons stated, the judgment under review will be affirmed, with costs to the respondent.