ALLEN BENEDICT, Appellee, v. JENS NIELSEN, Appellant.

JUDGMENT: Defenses Merged, Barred, and Concluded—Necessarily
1 Involved but Unpleaded Issue. A vendor of real estate who seeks specific performance of a written contract without asserting any *oral modification of the contract,* and is decreed not entitled to such performance, may not, when sued for a return of the purchase price, plead in defense that said written contract was *orally modified* by the parties and that the purchaser refused to carry out such modified contract. This is true because the subject-matter of this latter plea was necessarily adjudicated in the action for specific performance.

SET-OFF AND COUNTERCLAIM: When Not Necessary to Plead. The
2 purchaser of real estate when defendant in an action for the specific performance of the contract need not plead for a recovery of the purchase money paid by him.

Headnote 1: 34 C. J. pp. 909, 923. Headnote 2: 34 C. J. p. 864. .

Headnote 1: 15 R. C. L. 976.

*Appeal from O'Brien District Court.*—B. F. BUTLER, Judge.

OCTOBER 25, 1927.

REHEARING DENIED JANUARY 13, 1928.

Action at law, to recover the advance payment on a contract for the purchase of real estate. Judgment for plaintiff, as prayed, and the defendant appeals.—*Affirmed.*

*Nelson Miller,* for appellant.

*T. E. Diamond* and *W. P. McCulla,* for appellee.

STEVENS, J.—A brief recital of facts is necessary to a proper understanding of the questions presented for decision on this appeal. On or about June 28, 1920, the plaintiff in this action, as purchaser, and defendant, as vendor, entered into a written contract for the purchase and sale of 160 acres of land in O'Brien County, Iowa. The consideration expressed in the contract was $64,000, and was to be paid as follows: $3,000 on the execution of the contract, which was paid; $21,000, March 1, 1921; and by the assumption of two mortgages for $15,000 and $25,000, respectively. The contract was not consummated on March 1, 1921, the date fixed therefor, nor at any other time. On or about September 9, 1921, the vendor, defendant in this action, commenced an action in equity, to compel specific performance of the contract. Benedict, the defendant in that action, answered the petition, denying that he was in default in the performance of the terms of the contract, and alleging, as an excuse for nonperformance on his part, that the plaintiff did not have a merchantable title to the land, as required by the contract; that he failed to furnish an abstract, as agreed; that, on or about the first day of May, 1921, he voluntarily executed a mortgage of $5,800 upon the O'Brien County land, thereby himself abandoning the contract. A trial upon the issues joined in that case resulted in a decree in defendant's favor, which, upon appeal, was affirmed. *Nielson v. Benedict,* 196 Iowa 173. Thereafter, Benedict, defendant in the specific performance suit, and appellee herein, commenced an action at law against Nielsen, appellant, to recover the $3,000 paid at the time of the execution of the contract. The petition in the present action alleged that the defendant defaulted in the performance of the terms of the written contract on his part, in that he was not the owner, and could not convey a merchantable title to the land in question. The petition also set up the adjudication in the former suit and attached copies of the pleadings therein in full as exhibits.

1. JUDGMENT: defenses merged, barred, and concluded: necessarily involved but unpleaded issue.

The appellant in due time answered the petition, and, in addition to a general denial, alleged certain affirmative de-

fenses, in substance as follows: that appellee was in default, and wholly unable to consummate the written contract on March 1, 1921; that, on or about February 1st, the parties modified the same by an oral agreement which extended the time of performance and made it easier for appellee to ultimately carry out the same; that subsequently, appellee refused to consummate the contract as orally modified; that by his conduct he misled appellant to his damage; and that, by reason of all of the aforesaid matters and others set up in the answer, which it is not necessary to recite in detail, appellee abandoned the contract, and waived all of his rights thereunder.

In addition to the affirmative matters pleaded in the answer, appellant filed a counterclaim, based upon the alleged breach of both the written and the oral contract by appellee, and demanded judgment on account of such breach for $10,000. The answer, by way of admission, or affirmative allegations, in substance pleaded the facts relied upon by appellee in this action as constituting a prior adjudication of all of the affirmative matters set up by appellant in the answer and counterclaim.

A motion was filed to strike the affirmative defenses pleaded by appellant, upon the ground that it appeared upon the face of the answer that all of the matters pleaded were *res adjudicata*, and constituted immaterial, irrelevant, and redundant matter.

A demurrer to the counterclaim, based upon the claim of prior adjudication, was also filed. Both the motion and the demurrer were sustained by the court. A trial to the court without a jury followed. Appellee introduced in evidence the contract, the pleadings, and the decision of this court in the specific performance suit, and, after identifying the parties and showing the cash payment by appellee of $3,000 on the execution of the contract, rested. No evidence was introduced by appellant.

The arguments of counsel in this court apparently treat the rulings of the court upon the motion and demurrer as presenting the question of prior adjudication for review at this time. 2. SET-OFF AND COUNTERCLAIM: when not necessary to plead. We shall, therefore, give no consideration to technical matters of pleading. It was contended by counsel for appellant in oral argument that the estoppel is as complete against appellee, to recover the cash payment of $3,000, as it could be against appellant, to set up the alleged oral modification of the contract which it is

alleged he was able and willing to perform. No counterclaim was pleaded by the defendant in the specific performance suit, nor was it necessary for him to plead same. His right to recover the cash payment was not necessarily involved in that action, and therefore not adjudicated thereby. *Oswalt v. Cronk,* 195 Iowa 230; *Thomas v. McDonald,* 102 Iowa 564; *Snouffer & Ford v. City of Tipton,* 161 Iowa 223; *Lindley v. Snell,* 80 Iowa 103; *Griffith v. Fields & Bryant,* 105 Iowa 362; *Thomas v. McDaneld,* 88 Iowa 374.

Furthermore, appellant did not plead a prior adjudication of that issue. Assuming, as counsel appears to have done, that the issue of prior adjudication is presented for our consideration, we proceed to a discussion thereof. It is a familiar and well settled rule that, if the vendor does not have title to the land, and cannot make conveyance in accordance with the terms of his contract, the purchaser may rescind the same, and recover any part of the consideration paid. *Tague v. McColm,* 145 Iowa 179; *Frey v. Stangl,* 148 Iowa 522; *Perrin v. Chidester,* 159 Iowa 31; *Norris v. Letchworth,* 140 Mo. App. 19 (124 S. W. 559); *Sherman v. Good,* 21 Ala. App. 546 (109 So. 893); *Lloyd v. Weinstock* (N. J.), 135 Atl. 65; *Burton v. Ryther,* 38 S. D. 342 (161 N. W. 350); *Wayne v. Butterfield,* 50 S. D. 463 (210 N. W. 663).

The action for specific performance was based solely upon the written contract, and the alleged oral modification thereof is not referred to by either party in any of the pleadings filed therein. It was alleged by appellee, the defendant in that action, in his answer, that the mortgage of $5,800, placed upon the premises about May 1, 1921, was still a subsisting lien thereon.

The real point in this case is: Was the right of appellant to plead the alleged oral modification of the written contract as a defense in the pending action determined and adjudicated against him in the specific performance suit? It is manifest that the oral agreement, if any was entered into, became a part of the original contract, and gave appellant the right to adjust his title so as to make it merchantable, as well as to afford the opportunity to appellee to make any necessary arrangement on his part to subsequently consummate the agreement and make the required·payments. Appellant did not see fit, however, to in any way rely upon the oral modification of the contract in

the specific performance suit. If it was beneficial to him, as it clearly was, he must, by the omission, be deemed to have waived it. He could have availed himself of it in the specific performance suit in avoidance of the default which was alleged against him, and which was fatal to his right to the relief therein sought. All matters necessarily involved and decided in the prior action are conclusive against appellant in this action. Not only is this a universal rule, but it is also the rule that a prior adjudication includes all matters that might, or should, have been pleaded and determined in the action. *Oswalt v. Cronk*, 195 Iowa 230; *Heisinger v. Modern Brotherhood*, 192 Iowa 46; *Owen v. Higgins*, 113 Iowa 735; *Brant v. Plumer*, 64 Iowa 33; *Ross v. Dowden Mfg. Co.*, 147 Iowa 180; *Goodenow v. Litchfield*, 59 Iowa 226; *Cooper v. Brown*, 143 Iowa 482; *Kock v. Burgess*, 191 Iowa 540; *Matson v. Poncin*, 152 Iowa 569. Any right of appellant's to the specific performance of the contract as originally entered into in writing, or as orally modified, was necessarily involved in the specific performance suit, whether pleaded or not.

The written and oral agreements could not be separated and litigated by appellant in independent actions, one for specific performance and the other as a counterclaim for damages in an action by the purchaser to recover the portion of the consideration paid, nor in a separate action therefor. If appellant herein was in default, and unable to convey a merchantable title, as required by the contract, then, under the authorities cited, and many others that might be cited, appellee could maintain an action to recover the consideration paid, without further tender of performance on his part. *Wilhelm v. Fimple*, 31 Iowa 131; *Martin v. Roberts*, 127 Iowa 218; *Wensler v. Tilke*, 97 Kan. 567 (155 Pac. 946). The adjudication was complete as to all matters that were, or should have been, set up in the former action. Having elected to prosecute an action for specific performance of the contract, appellant may not, after the adjudication of all claims under the contract in the action for specific performance thereof, assert a claim for damages for the breach of the same contract with the modifications claimed. The action of specific performance was available to appellant, and provided a complete remedy; but, because of his own failure to meet the terms of the contract, decree in his favor was denied. He did not mistake his remedy, but was defeated because he was himself unable to con-

summate the contract. In such circumstances, *Burge v. Gough*, 153 Iowa 183, and other cases holding that the refusal of the court to grant specific performance does not necessarily, or always, bar an action for damages, are not in point, nor does the case come within the rule of *Zimmerman v. Robinson & Co.*, 128 Iowa 72.

What we have said sufficiently disposes of the case. We have not overlooked the many cases cited by appellant, but, as none of them conflict with the conclusion reached, or are out of harmony with the law as stated, we deem it unnecessary to refer more particularly thereto.

The judgment is affirmed.—*Affirmed*.

EVANS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.